UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JORDAN ZITO,<br><br>                Plaintiff,<br>    v.<br>PARAGUIRRE, *et al,*,<br><br>                Defendants. | Case No. 3:25-cv-00410-MMD-CLB<br><br>ORDER |

**I.   INTRODUCTION**

Pro se Plaintiff Jordan Zito sued the Nevada Supreme Court justices[1] on disqualification grounds under NRS § 1.225. (ECF No. 1-2.) Zito now objects (ECF No. 8 ("Objection")) to United States Magistrate Judge Carla L. Baldwin's Report and Recommendation (ECF No. 7 ("R&R")), recommending that the Court grant Zito's application to proceed *in forma pauperis* ("IFP") (ECF No. 1) and dismiss with prejudice Zito's complaint (ECF No. 1-1 ("Complaint")).[2] As further explained below, the Court overrules Zito's Objection and adopts the R&R in full.

**II.   DISCUSSION**

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party

---

[1] Linda Bell, Elissa Cadish, Douglas Herndon, Patricia Lee, Ron Paraguirre, Kristina Pickering, and Lidia Stiglich.

[2] On August 26, 2025, Zito filed a notice of appeal (ECF No. 10). However, the Court finds that because the appeal is of a non-appealable order, it retains jurisdiction. *See Nascimento v. Dummer*, 508 F.3d 905, 908 (9th Cir. 2007) (citing *Ruby v. Sec'y of Navy*, 365 F.2d 385, 388-89 (9th Cir. 1966)) ("When a Notice of Appeal is defective in that it refers to a non-appealable interlocutory order, it does not transfer jurisdiction to the appellate court, and so the ordinary rule that the district court cannot act until the mandate has issued on the appeal does not apply.").

timely objects to a magistrate judge's Report and Recommendation, the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* The Court's review is thus de novo because Zito filed his Objection.[3]

Judge Baldwin first recommends granting Zito's IFP application. (ECF No. 7 at 1-2.) The Court will accept the recommendation without further review because Zito received the intended outcome of his application and did not explicitly object to its granting.

Judge Baldwin then screens Zito's Complaint. (ECF No. 7 at 3-4.) Judge Baldwin recommends the Complaint be dismissed because, even construing Zito's allegations liberally, "the Court cannot conceive or construe any specific set of circumstances under which these conclusory statements would give rise to any federal constitutional or statutory right." (*Id.* at 3.) The Court agrees.

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555.) "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Particular care is taken in reviewing the pleadings of a pro se party, for a more forgiving standard applies to litigants not represented by counsel. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A liberal construction may not be used to supply an essential element of the claim not initially pled. *See Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

---

[3]Zito objects to the entire R&R. (ECF No. 8.) However, Zito's Objection is largely unintelligible, so it is unclear to the Court what Zito specifically objects to and the reasoning behind said objections. The Court will accordingly review the entire R&R.

Even construing these allegations together and liberally, the Complaint is largely incomprehensible. It is unclear precisely what harm occurred to Zito, how that harm connects to a cause of action, and how relief may be granted on his claims. (ECF No. 7 at 4.) Judge Baldwin is therefore correct in her determination that Zito does not state a claim upon which relief may be granted, so this action must be dismissed. Leave to amend is inappropriate here because the issues identified by the Court cannot be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### III. CONCLUSION

It is therefore ordered that Zito's Objection (ECF No. 8) to Judge Baldwin's Report and Recommendation (ECF No. 7) is overruled.

It is further ordered that Judge Baldwin's Report and Recommendation (ECF No. 7) is adopted in full.

It is further ordered that Zito's application to proceed *in forma pauperis* (ECF No. 1) is granted.

It is further ordered that Zito's Complaint (ECF No. 1-1) is dismissed with prejudice.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 23rd Day of September 2025.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE